```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

SUNIDA RODRIGUEZ,                 :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :     CASE NO. 3:15CV1723(DFM)
                                  :
CAROLYN W. COLVIN                 :
ACTING COMMISSIONER,              :
SOCIAL SECURITY ADMINISTRATION    :
                                  :
     Defendant.                   :

## RULING ON PENDING MOTIONS

Plaintiff, Sunida Rodriguez, seeks judicial review of the denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").[1] (R. 9-23.)

I.   Background

An Administrative Law Judge ("ALJ") held a hearing on May 28, 2014, and determined that plaintiff was not disabled within the meaning of the Social Security Act. (R. 9-23.) The ALJ followed the sequential evaluation process for assessing disability claims.[2] The ALJ found at step one that plaintiff had

---

[1] Plaintiff filed applications for DIB and SSI on June 27, 2012. Both applications allege a disability onset date of April 15, 2010. (R. 12.) Her applications were denied initially and upon reconsideration. (R. 12.) At a hearing before the ALJ on May 28, 2014, plaintiff amended her alleged onset date of disability to September 4, 2011. (R. 12)

[2] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her

no substantial gainful employment since her alleged onset date. (R. 14.) At step two, he found that plaintiff has the following severe impairments: degenerative disc disease; radiculopathy; and varicose veins. (R. 15.) He found at step three that these impairments do not meet or medically equal a listed impairment. (R. 31.) He determined that plaintiff retained the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional limitations: must be allowed to alternate between sitting and standing at one-hour intervals during the workday, but the positional change will not render the claimant off task; occasionally climb ramps or stairs; never climb ladders, ropes,

---

mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment which "meets or equals" an impairment listed in Appendix 1 of the regulations (the Listings). If so, and it meets the durational requirements, the Commissioner will consider him or her disabled, without considering vocational factors such as age, education, and work experience; (4) if not, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work in the national economy which the claimant can perform. 20 C.F.R. §§ 404.1520 (a)(4)(i)-(v); 416.920(a)(4)(i)-(v). The claimant bears the burden of proof on the first four steps, while the Commissioner bears the burden of proof on this last step. McIntyre v. Colvin, 758 F.3d 146, 149 (2d Cir. 2014).

Murillo v. Berryhill, 3:16cv403 (WIG), 2018 WL 1665691, at *4 n.2 (D. Conn. Apr. 6, 2018).

2

or scaffolds; and occasionally balance, crawl, stoop, kneel and crouch." (R. 17.) At step four, he determined that plaintiff is able to perform her "past relevant work as a packer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (R. 20.) In the alternative, at step five, considering plaintiff's age, education, work experience, and RFC, the ALJ found that other jobs exist in significant numbers in the national economy that plaintiff can perform. (R. 21.)

On October 14, 2015, the Appeals Council denied review of the ALJ's unfavorable decision. (R. 1-6.) The Appeals Council stated that plaintiff had submitted a new Medical Source Statement from her treating physician, Donna M. McHugh, M.C. dated July 2, 2014 (R. 797-800), that "did meet the criteria for consideration" by the Appeals Council, but found that "this information does not provide a basis for changing the Administrative Law Judge's decision." (R. 2.) Plaintiff timely appealed.

Currently pending are plaintiff's motion to reverse the decision of the Commissioner (Doc. #21) and defendant's motion to affirm the decision of the Commissioner (Doc. #22). For the following reasons, plaintiff's motion to reverse the decision of

the Commissioner (doc. #21) is GRANTED and defendant's motion to affirm the decision of the Commissioner (doc. #22) is DENIED.[3]

II. Legal Standard

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the district court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. Id.; Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to first ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and then whether the decision is supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987). Therefore, absent legal error, a decision of the Commissioner cannot be set aside if it is supported by substantial evidence.

---

[3] This is not a recommended ruling. On December 20, 2017, the parties consented to the jurisdiction of a magistrate judge. (Doc. #28 and #29.) See 28 U.S.C. § 636(c); Fed.R.Civ.P. 73(b).

4

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." Williams, 859 F.2d at 258.

III. Discussion

Plaintiff argues that the Appeals Council and the ALJ failed to follow the treating physician rule by assigning less than controlling weight to the opinions of her primary care physician, Dr. Donna McHugh.[4] She also argues that the ALJ should have given greater weight to the opinions of examining physician Charles Raftery, M.D. (R. 464-467) and a functional

---

[4] Dr. McHugh prepared two medical source statements regarding the plaintiff. The ALJ considered the first statement dated, August 19, 2012 (R. 667-669). The ALJ did not have the second statement before him when making his determination, as it was dated July 2, 2014, one day prior to the ALJ's decision, and was submitted only to the Appeals Council. (R. 797-800.)

5

capacity evaluation by physical therapist Michael Dane (R. 476-488) than to the opinions of the non-examining state agency physicians. Defendant responds that substantial evidence to support the ALJ's decision can be found in the non-examining state agency physician reports.

    A. <u>The Appeals Council decision</u>

With regard to new evidence submitted to the Appeals Council, the Second Circuit held that:

> "[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision." <u>Perez v. Chater</u>, 77 F.3d 41, 45 (2d Cir.1996). "The only limitations stated in [20 C.F.R. §§ 404.970(b) and 416.1470(b)] are that the evidence must be new and material and that it must relate to the period on or before the ALJ's decision." <u>Id.</u> . . . Once evidence is added to the record, the Appeals Council must then consider the entire record, including the new evidence, and review a case if the "administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b). If the Appeals Council denies review of a case, the ALJ's decision, and not the Appeals Council's, is the final agency decision. <u>See</u> <u>Perez</u>, 77 F.3d at 44. Because the Appeals Council denied review in this case, our review focuses on the ALJ's decision. <u>See</u> 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner ..., may obtain a review of such decision by a civil action...." (emphasis added))When reviewing the Commissioner's decision, we bear in mind that the ultimate determination of whether a person has a disability within the meaning of the Act belongs to the Commissioner. <u>See</u> <u>Snell v. Apfel</u>, 177 F.3d 128, 133 (2d Cir.1999). We "review the entire administrative record, which includes the new evidence, and determine, as in every case, whether there is substantial evidence to support the decision

6

of the Secretary." Perez, 77 F.3d at 46; see also 42
U.S.C. § 405(g).

Lesterhuis v. Colvin, 805 F.3d 83, 87 (2d Cir. 2015).

Here, the Appeals Council accepted Dr. McHugh's July 2, 2014 Medical Source Statement and made it part of the record.[5] In her July 2, 2014 Medical Source Statement, Dr. McHugh opined that plaintiff had prior neck and back surgeries, with displaced discs and nerve impingement, and that her prognosis was "guarded – has had surgery yet significant symptoms still persist." (R. 797.) Dr. McHugh indicated that plaintiff could sit for only 5-10 minutes before needing to get up, could stand for only 5-10 minutes before needing to sit down or walk around, and could sit and stand/walk for less than 2 hours in an 8 hour working day (with normal breaks). She stated that due to plaintiff's symptoms of "pain/paresthesias, numbness, back pain, [and] bilat[eral] leg pain," plaintiff would need to take unscheduled breaks multiple times an hour during a working day, and that the breaks, depending upon the type of work, could last "a few hours." (R. 798.) Dr. McHugh opined further that plaintiff

---

[5] Defendant asserts that the Appeals Council refused to accept Dr. McHugh's 2014 Medical Source Statement and argues that it should not be considered. (Doc. #22-1 at 31-32.) This is incorrect. The Appeals Council decision refers to the July 2, 2014 Medical Source Statement from Dr. McHugh and expressly states that "[t]he evidence [plaintiff] submitted did meet the criteria for consideration pursuant to 20 CFR 405.401(c)." (R. 2, emphasis added.)

7

would likely be "off task" 25 percent or more of the time, and that plaintiff would likely be absent more than 4 days per month. She also stated that due to plaintiff's impairments, plaintiff likely would not have any "good days," only "bad days and worse days." (R. 800.)

The Appeals Council, however, did not assign any weight to Dr. McHugh's July 2, 2014 opinion, nor did it provide any reasons for failing to do so. The Appeals Council summarily denied review, stating only that "this information provided does not provide a basis for changing the Administrative Law Judge's decision." (R. 2.) Thus, the court will review this new information in the context of the ALJ's decision to determine whether the decision is supported by substantial evidence in the record. Lesterhuis v. Colvin, 805 F.3d at 87.

### B. The ALJ's decision

Under the "treating physician rule," a treating physician's opinion is accorded controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2).[6] The ALJ must "give good reasons" for the weight

---

[6] Although the Social Security Act was amended effective March 27, 2017, the Court reviews the ALJ's decision under the earlier regulations because the plaintiff's application was filed before

8

accorded to the treating physician's opinion. See Halloran, 362 F.3d at 32; see also 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."); Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *5 (July 2, 1996) (ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

If controlling weight is not given to a treating source's opinion, the ALJ must consider certain factors in determining the weight to be assigned. Those factors include: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the opinion's consistency with the record; (5) the treating physician's specialization, if any; and (6) other factors brought to the ALJ's attention. 20 C.F.R. § 404.1527(c)(2); see also Greek v. Colvin, No. 14-3799, 2015 WL 5515261, at *3 (2d

---

the new regulations went into effect. Maloney v. Berryhill, No. 16-CV-3899 (ADS), 2018 WL 400772, at *1 (E.D.N.Y. Jan. 12, 2018) (citing Lowry v. Astrue, 474 Fed.Appx. 801, 805 n.2 (2d Cir. 2012)).

Cir. Sep. 21, 2015) ("[T]o override the opinion of the treating physician, we have held that the ALJ must explicitly consider" these factors).

The ALJ did not assign controlling weight to Dr. McHugh's August 19, 2012 opinion, in which Dr. McHugh opined that plaintiff had "an obvious problem" and "a serious problem" in functional ability with regard to activities of daily living, and stated that her opinion was based upon information provided by plaintiff's orthopedist and neurosurgeon. (R. 668.) The ALJ explained the opinion was given "less weight" because Dr. McHugh:

> stated that [plaintiff] had an obvious to serious problem in functioning, but failed to set out specific information about her function-by-function capacity. (14F)[R. 667-670.] Dr. McHugh's poorly supported and vague conclusion is contradicted by plaintiff's own admission that her dysthymia is nonsevere and by Dr. McHugh's own findings about appropriate functioning.

(R. 16.)

The ALJ, however, did not have before him Dr. McHugh's July 2, 2014 Medical Source Statement, which was submitted only to the Appeals Council, and was dated one day before the ALJ's determination. In her new July 2, 2014 opinion, Dr. McHugh noted that her findings were based on clinical evidence of back injury, displaced discs and nerve impingement of the lumbar spine, bilateral leg pain and severe lower back pain. (R. 797-

10

800.)[7] Dr. McHugh's July 2, 2014 opinion provides detailed information about plaintiff's "function-by-function capacity," which the ALJ indicated was missing from the earlier opinion he considered. (R. 16.) Dr. McHugh's July 2, 2014 opinion (R. 797-800) "reflect[s] judgments about the nature and severity of [plaintiff's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 1527(a)(2).

A review of the record reveals that Dr. McHugh's July 2, 2014 opinion is well supported and not inconsistent with other substantial evidence.[8] SSR 96-2p, 1996 WL 374188 (July 2, 1996)

---

[7] In comparison, in her August 19, 2012 opinion, Dr. McHugh stated that her opinion was based upon clinical information provided by plaintiff's orthopedist and neurosurgeon, but provided information only about mental functioning. (R. 668.)

[8] The only opinions inconsistent with Dr. McHugh's opinions are those of the state agency psychologists and physicians, none of whom examined plaintiff. State agency consultants Kelly Rogers, Ph.D. and Therese Harris, Ph.D., found that plaintiff had only "mild" limitations in activities of daily living, social functioning and maintaining concentration, persistence and pace, and that she had no repeated episodes of decompensation. (R. 80, 128.) A third state agency consultant, Virginia Rittner, M.D., reviewed the medical evidence and provided a physical residual function capacity assessment, finding that plaintiff could occasionally lift 20 pounds, frequently lift ten pounds and stand and sit for "about 6 hours in an 8-hour workday." ((R. 81.) Dr. Rittner opined further that plaintiff could perform unlimited pushing and/or pulling, consistent with plaintiff's ability to lift and carry, that plaintiff could occasionally climb ramps, stairs, ladders, ropes and scaffolds, and that plaintiff could occasionally balance, stoop, kneel, crouch and

("If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; i.e., it must be adopted.").

Additionally, Dr. McHugh's July 2, 2014 opinion may, "if given controlling weight, be dispositive of disability, given the other evidence in the record." Lesterhuis v. Colvin, 805 F.3d at 88; see 20 C.F.R. § 404.1527(c)(2). Specifically, Dr. McHugh stated in her July 2, 2014 opinion, that due to her symptoms, the plaintiff is likely to be "off task" more than 25 percent of the time. (R. 800.) The vocational expert, Courtney Olds, testified at the hearing, in response to a hypothetical question from the ALJ, that a person who was "off task" 15-20 percent of the day could not "perform any jobs in the regional or national economy." (R. 66.) Therefore, Dr. McHugh's later opinion, if credited, may suffice on its own to support a determination of disability. See Lesterhuis v. Colvin, 805 F.3d at 87-88 (remanding for reconsideration where new treating physician opinion submitted only to Appeals Council contained statement that plaintiff would be absent more than 4

---

crawl. (R. 81-82.) See Vargas v. Sullivan, 898 F.2d 293, 295 (2d Cir. 1990)("The general rule is that the written reports of medical advisors who have not personally examined the claimant deserve little weight in the overall evaluation of disability.") (internal quotation marks omitted).

12

days per month, and vocational expert at hearing had testified that if an employee like the plaintiff missed 4 days of work per month, "it would preclude that claimant's ability to perform any jobs available in large numbers in the national economy.").

Therefore, the defendant's decision is not supported by the substantial evidence in the record.  The case should be remanded for a re-weighing of the medical evidence.  In light of the foregoing, the Court need not reach the merits of plaintiff's remaining arguments.  See Johnston v. Colvin, No. 3:13-CV-00073 (JCH), 2014 WL 1304715, at *34 (D. Conn. Mar. 31, 2014) (where case reversed and remanded for re-weighing of evidence in light of ALJ's improper application of treating physician rule, district court need not reach merits of plaintiff's remaining arguments).

IV. Conclusion

For these reasons, plaintiff's motion to reverse the decision of the Commissioner (doc. #21) is GRANTED and defendant's motion to affirm the decision of the Commissioner (doc. #22) is DENIED.

This is not a recommended ruling.  The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure.  Appeals can be made directly to the

appropriate United States Court of Appeals from this judgment.

See 28 U.S.C. § 636(c)(3); Fed.R.Civ.P. 73(c).

SO ORDERED at Hartford, Connecticut this 4th day of September, 2018.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge